O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ROBINSON, ) | Case No. CV 13-4493 RNB |
| Plaintiff, ) | |
| vs. ) | ORDER AFFIRMING DECISION OF COMMISSIONER |
| CAROLYN W. COLVIN, Acting ) Commissioner of Social Security, ) | |
| Defendant. ) | |

The Court now rules as follows with respect to the sole disputed issue listed in the Joint Stipulation.¹

The law is well-established in this Circuit that lay witness testimony as to how a claimant's symptoms affect the claimant's ability to work is competent evidence and cannot be disregarded without providing specific reasons germane to the testimony

---

¹ As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

rejected. See, e.g., Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Smolen, 80 F.3d at 1288-89; Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, plaintiff's good friend, Stanley Span, completed a Third Party Function Report that substantiated plaintiff's testimony regarding his limitations and symptoms. (See AR 195-202.) The ALJ failed to provide any specific reasons germane to this testimony to reject it.

The Commissioner contends that reversal is not warranted on account of this error by ALJ because the error was harmless since Mr. Span's statements were similar or identical to plaintiff's testimony and the ALJ did set out valid reasons in her decision based on substantial evidence in the record for rejecting plaintiff's testimony.[2] (See Jt Stip at 7-8.) In support of this proposition, the Commissioner has cited Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012). There, the Ninth Circuit held that the ALJ's failure to provide specific reasons for rejecting lay testimony was harmless error where the lay witness testimony did not describe any more limitations than those plaintiff herself had described, which the ALJ had validly rejected. See id. at 1122; see also Shuey v. Astrue, 480 Fed. Appx. 439, 441 (9th Cir. 2012) (under Molina, ALJ's failure to address lay witness statement was harmless error where

---

[2] To the extent that the Commissioner is relying on Ukolov v. Barnhart, 420 F.3d 1002, 1006 n.6 (9th Cir. 2005) for the proposition that error regarding lay testimony can never be a ground for reversal, the Court finds that the Commissioner's reliance is misplaced. There, the Ninth Circuit merely noted that, because none of the medical evidence established the existence of an impairment, the ALJ's failure to address the lay witnesses testimony concerning symptoms did not affect the outcome of the case. Here, by way of contrast, the ALJ did find in his December 2, 2011 decision that the medical evidence established the existence of the following severe impairments: a back disorder, chronic knee pain, hepatitis C by history, diabetes mellitus, hypertension, and schizophrenia. (See AR 18.) Moreover, in Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006), the Ninth Circuit noted that it, along with other circuit courts, "have consistently reversed the Commissioner's decisions for failure to comment on such competent testimony."

statement did not describe any limitations beyond those that had been described by plaintiff and had been validly rejected by the ALJ) (now citable for its persuasive value per Ninth Circuit Rule 36-3); Darrin v. Astrue, 2013 WL 140281, at *2 (C. D. Cal. Jan. 10, 2013) (same); Persons v. Astrue, 2012 WL 3264553, at *7 (D. Or. Aug. 7, 2012) (same); Carter v. Astrue, 2012 WL 2051804, at *9-*10 (D. Or. June 4, 2012) (same).

The Court notes that plaintiff did not even reply to this harmless error contention. Instead, he merely incorporated his initial contentions. (See Jt Stip at 8.) However, nowhere in his initial contentions did plaintiff address the harmless error issue or contest the ALJ's adverse credibility determination with respect to his subjective symptom testimony or address whether Mr. Span's testimony described any more limitations than those plaintiff himself described. (See Jt Stip at 3-6.) The Court deems plaintiff's failure to reply to the Commissioner's harmless error contention as a concession to the correctness of the Commissioner's position.

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: March 4, 2014

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE